SARITA ORDONEZ (State Bar # 216047)
5381 La Jolla Mesa Dr,
La Jolla, CA 92037
State Bar # 216047
Telephone: (619)227-9894
Fax: (619)566-3502
email: sordonezattyatlaw@gmail.com

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
39111 Six Mile Road, Suite 142,
Livonia, MI 48152
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*David Lawrence*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| David Lawrence,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LVNV Funding LLC,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, DAVID LAWRENCE, BY AND THROUGH COUNSEL, SARITA ORDONEZ, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Hawthorne, Los Angeles County, California.

3. Venue is proper in the Central District of California.

## PARTIES

4. Plaintiff is a natural person residing in the City of Hawthorne, Los Angeles County, California.

5. The Defendant to this lawsuit is LVNV Funding, LLC ("Defendant"), a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt which is allegedly owed by Plaintiff to WebBank Fingerhut in the amount of $1,841.00 ("the collection item").

7. Defendant is reporting this collection item with a dispute comment.

8. Plaintiff no longer disputes the collection item.

9. On September 27, 2021, Plaintiff obtained his Equifax credit report. He noticed that Defendant was reporting the collection item with a dispute comment.

10. On or about October 8, 2021, Credit Repair Lawyers of America, on behalf of Plaintiff, sent Defendant a letter, informing it that the collection item was inaccurate and asking Defendant to remove the dispute comment from the collection item.

11. Defendant received Plaintiff's letter on October 20, 2021.

12. On November 18, 2021, Plaintiff obtained his Equifax credit disclosure, which showed that Defendant last reported the collection item on November 3, 2021, and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA and Rosenthal Act.

13. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit report. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the

same, as no conventional lender will grant a mortgage based on any credit report that has any tradeline reported as disputed. Mortgage rates are now at historic lows, and Plaintiff cannot participate in this market due to Defendant's failure to remove the dispute notation.

14. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Equifax to remove the dispute comment from its collection item.

16. Defendant's inaction to remove the dispute comment from its collection item on Plaintiff's credit report was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to Defendant's failure to properly report the associated trade line.

## COUNT I - VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect the collection item violated the FDCPA at 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute comment after being informed of the inaccuracy: and

    b. 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including the failure to communicate that the collection item is not disputed by failing to remove the inaccurate dispute comment from the collection item after being asked to do so by Plaintiff.

23. Plaintiff has suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

24. Defendant's failure to remove the erroneous dispute comment from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to Plaintiff as it creates a false impression regarding his creditworthiness.

25. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered and continues to suffer anxiety, embarrassment, humiliation, and stress.

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

20. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

21. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

22. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

23. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

24. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

    a. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

25. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

    F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: March 31, 2022

                                     By: */s/ Sarita Ordonez*
                                        Sarita Ordonez
                                        Attorneys for Plaintiff,
                                        David Lawrence